**Jared E. FLORANCE**

v.

**The UNITED STATES.**

No. 433–80C.

United States Court of Claims.

Oct. 21, 1981.

Paul A. Kiefer, Washington, D. C., atty. of record, for plaintiff.

Alexander Younger, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant. Thomas J. Fiscus, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, SKELTON, Senior Judge, and KUNZIG, Judge.

ON DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS–MOTION FOR SUMMARY JUDGMENT

SKELTON, Senior Judge.

The plaintiff Jared E. Florance, a former member of the United States Air Force, sues for $15,000 pursuant to 10 U.S.C. § 687 as readjustment pay upon his discharge from the Air Force. The government (defendant) has moved for an order dismissing the petition on the ground that the plaintiff has failed to state a claim on which relief can be granted or, in the alternative, for summary judgment. The plaintiff has filed a cross-motion for summary judgment. We hold for the defendant.

The facts in the case are not in dispute and are generally as follows. The plaintiff graduated from the United States Military Academy at West Point on June 5, 1968, and was commissioned as a second lieutenant in the United States Army. After serving in the Army for more than seven years and attaining the rank of permanent Cap-

tain, the plaintiff, on February 26, 1976, applied to the Uniformed Services University of the Health Sciences (USUHS) for admission to the School of Medicine. In conjunction with his acceptance into the then newly established Department of Defense medical school program, the plaintiff contracted with USUHS to, *inter alia*, resign his regular Army commission, accept a reserve officer commission in the grade of second lieutenant in one of the uniformed services while enrolled in USUHS, and to serve in the Department of Defense Regular Medical Corps upon satisfactory completion of medical school. As a result of his selection to attend USUHS, plaintiff was granted a discharge from the Army on October 11, 1976, and was duly appointed as a second lieutenant in the United States Air Force Reserve on October 12, 1976. He entered the USUHS medical school on October 12, 1976.

On August 8, 1978, after having successfully completed two years of medical training at Department of Defense expense, plaintiff informed the Dean of USUHS that he no longer desired a career in the uniformed services, but instead wished to perform, under 10 U.S.C. § 2115, some sort of alternative service in lieu of his contractual obligation to the Department of Defense.[1] The medical school dean attempted to accommodate plaintiff's wishes, but after discussions with officials of the Air Force and the Office of the Secretary of Defense, plaintiff was advised that a decision to allow him to fulfill his medical school obligation in another federal agency would have to await the graduation of plaintiff's class and an evaluation of the needs of the uniformed services for medical officers. The Acting Assistant Secretary of Defense advised in an October 20, 1978, memorandum that "(w)e do not consider it appropriate or advisable to enter into agreements of the type contemplated by 10 U.S.C. § 2115 while there are actual or projected shortages of physicians on active duty in the uniformed services."

Following the decision of the Department of Defense not to immediately release plaintiff from his uniformed service commitment, the plaintiff, on November 6, 1978, tendered his resignation from USUHS to the Dean. Among the reasons cited by plaintiff as precipitating his withdrawal from USUHS were: slowdown in military promotions, postponement by the Office of Management and Budget of a bonus payment to medical officers until completion of obligated service, the military philosophy on appropriate workday length, erosion of benefits, and proposed changes to the military retirement system.

Plaintiff's resignation was accepted effective November 27, 1978, and he was initially reassigned to the Air Force Medical Corps at Sheppard Air Force Base, Texas. Pursuant to 10 U.S.C. § 2114(d) and Air Force Regulation (AFR) 36–51, plaintiff incurred an Air Force active duty service commitment of two years, one month and 17 days, i. e., until January, 1981, based upon his USUHS medical training.

At plaintiff's request, he was transferred from the Medical Service Corps to the line of the Air Force effective January 12, 1979, and was reappointed as a Captain in the active duty reserve component of the Air Force.

On April 18, 1979, plaintiff applied for separation from the Air Force citing his desire to re-enter a civilian medical school as the primary reason for his request. Based upon the critical need for officer personnel in his active duty specialty (data processing), and his existing active duty service commitment, the Air Force Personnel Council on June 7, 1979, denied plaintiff's request for separation. However, in response to a request made by plaintiff's legal counsel that the Secretary of the Air Force reconsider plaintiff's resignation application, the Acting Assistant Secretary of the Air Force for Manpower, Reserve Affairs and Installations decided, on August

---

1. Under 10 U.S.C. § 2115, Congress has vested the Secretary of Defense with authority to allow up to 20 percent of any one class of USUHS graduates to perform civilian Federal duty for not less than seven years in lieu of active duty in a uniformed service.

14, 1979, that the Air Force would reduce the plaintiff's service commitment to one year if he were accepted by a medical school. On January 29, 1980, plaintiff requested reconsideration of this decision, citing the difficulty he faced in gaining admission to another medical school and his need to study for qualifying examinations. The decision was reconsidered favorably to plaintiff and he was therefore honorably discharged from the Air Force on April 30, 1980. He is presently attending a civilian medical school.

The plaintiff relies on 10 U.S.C. § 687(a) and on AFR 36–12 for recovery of readjustment pay in this case. 10 U.S.C. § 687(a) provides, in pertinent part, as follows:

> * * * a member of a reserve component * * * *who is released from active duty involuntarily, or because he was not accepted for an additional tour of active duty,* * * * and who has completed, immediately before his release, at least five years of continuous active duty, is entitled to a readjustment payment * * * a person covered by this subsection may not be paid more than two years basic pay of the grade in which he is serving at the time of his release or $15,000, whichever amount is the lesser. (Emphasis supplied).

Although the plaintiff had completed more than 5 years of continuous active duty at the time of his discharge on April 30, 1980, he clearly does not meet the other requirements of the statute. He admits that he was not released from active duty involuntarily and that he never volunteered for an additional tour of duty and was not accepted. He seeks to avoid these deficiencies by relying on AFR 36–12 ¶ 3–13 which provides, in pertinent part, as follows:

> 3–13. Failure to Complete Medical Training Programs. Reserve officers who are appointed under AFR 36–15 and are ordered to active duty to complete their degree requirements are honorably discharged as soon as possible if they fail to successfully complete their educational requirements or fail to receive the qualifying degree.

The plaintiff argues that this regulation required the Air Force to discharge him involuntarily when he voluntarily withdrew from the USUHS program because he thereby failed to successfully complete the education requirement and failed to receive the qualifying degree. He argues further that had he been involuntarily discharged at that time he would have been eligible for the $15,000 readjustment pay provided for in 10 U.S.C. § 687. This argument is specious and borders on being frivolous. The plain meaning of AFR 36–12 ¶ 3–13 is that before the plaintiff could have been discharged it would have been necessary for him to have failed to satisfactorily complete the required medical courses (i. e. shown academic deficiency in his studies) or failed to receive the qualifying degree because of circumstances beyond his control. Such circumstances could have included, for instance, mental, emotional or physical inability or disability that required him to be dismissed from the school prior to finishing the course of study. The facts show that plaintiff had satisfactorily completed his medical courses during the two years he participated in the program. There was no academic deficiency on his part. The record does not reveal evidence of any circumstances beyond plaintiff's control that prevented him from receiving the qualifying degree. It is quite clear that his failure to complete the courses and to receive the degree was due solely to his own voluntary resignation from the program. Under these circumstances, the Air Force was not required to involuntarily separate him from the service when he withdrew from the school.

We stated in *Mansell v. United States,* 199 Ct.Cl. 796, 468 F.2d 933 (1972) that a serviceman who leaves the military service voluntarily is not entitled to readjustment pay under 10 U.S.C. § 687(a). *See also Henneberger v. United States,* 185 Ct.Cl. 614, 624, 403 F.2d 237, 242 (1968). There we held:

> * * * the plaintiff is not entitled to a lump sum readjustment payment unless he was involuntarily released from active

754

duty. Since he was voluntarily released from active duty, he does not meet the requirements of the statute or the regulations and is not entitled to such payment. The government's denial of his claim was based upon a correct interpretation of the law and was neither arbitrary nor capricious.

See also, Lawrie v. United States, —— Ct.Cl. ——, 647 F.2d 137, (1981).

We conclude that it was the intent of Congress in enacting 10 U.S.C. § 687(a) to afford some measure of protection by way of readjustment pay to those who desire to remain in the military service, but who, because of the needs and best interest of the service, are not permitted to remain. In this case, the plaintiff has not been forced to leave the service against his will, nor has he been denied a requested extension of his tour of duty as a member of the armed forces. He was obligated by his agreement to remain in the service for the indicated period of time in return for the free medical training he received from the Air Force during the two years he was in the medical school. There was no reason nor requirement that he be involuntarily removed from the service when he voluntarily withdrew from the school.

We hold that the plaintiff has not met the requirements of 10 U.S.C. § 687(a) and does not fall within its provisions. He has not stated a claim on which relief can be granted.

Accordingly, plaintiff's cross-motion for summary judgment is denied, and defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.